```
 1                UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF MASSACHUSETTS
 2
                                             Criminal No.
 3                                           06-10342-WGY

 4

 5


 6   * * * * * * * * * * * * * * * *
                                    *
 7   UNITED STATES OF AMERICA       *
                                    *
 8   v.                             *   SENTENCING EXCERPT
                                    *
 9   SCOTT ANDREWS                  *
                                    *
10   * * * * * * * * * * * * * * * *

11

12            BEFORE:  The Honorable William G. Young,
                              District Judge
13

14

15

16

17

18

19

20

21

22

23
                                           1 Courthouse Way
24                                         Boston, Massachusetts

25                                         May 12, 2008
```

| | |
|---|---|
| 1 | **THE COURT:** Very well. |
| 2 | Mr. Scott K. Andrews, in consideration of all the |
| 3 | factors set forth in 18 United States Code, Section 3553(a), |
| 4 | the information from the United States Attorney, your |
| 5 | attorney, the probation officer and yourself, this Court |
| 6 | sentences you to ten years in the custody of the United |
| 7 | States Attorney General on each of the counts of conviction, |
| 8 | the sentence on each count to run concurrent one with the |
| 9 | other. Thereafter, the Court imposes upon you eight years |
| 10 | of supervised release. |
| 11 | The Court imposes no fine due to your inability to |
| 12 | pay a fine. The Court imposes a $200 special assessment as |
| 13 | required by the law. |
| 14 | The special conditions of your supervised release, |
| 15 | you are not to possess a firearm, destructive device, or |
| 16 | other dangerous weapon. You are to participate in a program |
| 17 | for substance abuse not to exceed 104 drug tests per year. |
| 18 | You're not to consume any alcoholic beverages. |
| 19 | Let me explain this sentence. It would have been a |
| 20 | lot higher but for two things: One, the government's motion |
| 21 | and your conduct once you were arrested; and two, as Mr. |
| 22 | Rosenfeld ably argues on your behalf, in this case, as the |
| 23 | advisory guidelines properly allow me to consider, your |
| 24 | criminal history, given the technicalities of your |
| 25 | particular case, substantially overrepresent your |

```
 1   criminality and I have taken that into account.
 2              But a ten year sentence -- and I know I can go
 3   below ten years because of the government's motion -- but a
 4   ten year sentence given what was done here is an appropriate
 5   and a just sentence.
 6              This was a big operation.  You were in it.  You
 7   were central to it.  You were engaging people to be involved
 8   in it.  You have ruined the lives of the other people
 9   involved.  This is a fair and a just sentence.
10              You have the right to appeal -- well, let's see
11   here.
12              MR. LELLING:  There is indeed a waiver of appeal
13   rights, your Honor.
14              THE COURT:  Well, there, there may be a waiver --
15              MR. LELLING:  To the extent that it matters.
16              THE COURT:  Thank you.  You say so.
17              He is -- he shall get credit for this sentence from
18   the 27th of August to the 30th of August where he was
19   detained until today.
20              Now, they say there's a waiver of appeal.  I take
21   no position on that.  But, I'm telling you, you've got a
22   right to appeal.  Should you appeal and should your appeal
23   be successful in whole or in part and you're remanded for
24   resentencing you'll come before another judge.
25              Should an appeal be decided on, Mr. Rosenfeld, I
```

```
 1   want you to file your motion for transcript with this
 2   Court -- Do you understand?  -- before filing the notice of
 3   appeal.
 4            MR. ROSENFELD:  Yes, your Honor.
 5            THE COURT:  All right.  That's the sentence of the
 6   Court.  He's remanded to the custody --
 7            MR. ROSENFELD:  Your Honor, I have requested that
 8   he be given some time to try to straighten out with his wife
 9   and children.
10            THE COURT:  But this is a drug conviction.  The
11   only reason he -- it's only because of the matters that were
12   the subject of the government's motion that he was at
13   liberty.
14            No, he's remanded to the custody of the marshals.
15            MR. ROSENFELD:  Your Honor, may you -- will you
16   recommend that he be sent to Middleton so he's not with any
17   of the other people from this matter.
18            THE COURT:  Now, Middleton --
19            MR. ROSENFELD:  The jail.
20            THE COURT:  At least for now.
21            MR. ROSENFELD:  Yes.
22            THE COURT:  And do you have a recommendation as to
23   where he should serve?
24            MR. ROSENFELD:  Yes.  Pensacola, your Honor.  I did
25   include that in there, and that's where his wife and child
```

```
 1  are going to be.
 2          THE COURT:  I will, I will, not of course, but I
 3  recommend that he be detained pending transfer to the Bureau
 4  of Prisons at Middleton.  I recommend that he serve the
 5  sentence at the prison facility in Pensacola, Florida.
 6          MR. ROSENFELD:  Thank you, your Honor.
 7          THE COURT:  That's the sentence of the Court.
 8  We'll recess.
 9          MR. LELLING:  Thank you, your Honor.
10          THE CLERK:  All rise.
11          (Whereupon the matter concluded.)
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```